EDOK Criminal Complaint (Revised 6/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>**ALEX EDUARDO TURCIOS-BRIZUELA,**<br>a/k/a Alex Turcior Brizaela,<br>a/k/a Alex Turcios,<br><br>*Defendant.* | **CRIMINAL COMPLAINT**<br><br>Case No.  25-MJ-198-GLJ |

I, Richard Ortiz, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about May 18, 2025, in the Eastern District of Oklahoma, **ALEX EDUARDO TURCIOS-BRIZUELA, a/k/a Alex Turcior Brizaela, a/k/a Alex Turcios**, committed the crime of **Unlawful Reentry of Removed Aliens**, in violation of Title 8, United States Code, Section 1326

I further state that I am a Deportation Officer with Immigration and Customs Enforcement/Enforcement and Removal Operations (ICE/ERO) and that this complaint is based on the following facts:

(See attached Affidavit of Deportation Officer Richard Ortiz, which is attached hereto and made a part hereof by reference.)

☒    Continued on the attached sheet.

_____
Richard Ortiz
Deportation Officer, ICE/ERO

Sworn to on  May 27, 2025 .

GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

_____
Signature of Judicial Officer



## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard L. Ortiz, being duly sworn under oath, do hereby depose and state:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Deportation Officer with Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) and have been since 2015. As part of my duties as a Deportation Officer, I investigate immigration-related criminal violations relating to violations of 8 U.S.C. § 1326, illegal reentry of removed aliens. I am currently assigned to ERO Criminal Prosecutions, the Criminal Alien Program, and the Fugitive Operations Team in Tulsa, OK. I also assist Homeland Security Investigations (HSI) with the criminal prosecution of aliens for various violations of law.

2. Prior to this assignment, I was a Deportation Officer at the Newark, NJ, Field Office where I had been assigned Detention Operations duties at the Elizabeth Contract Detention Facility from January 2016 to May 2019. From May 2019 to September 2021, I was later assigned Detained Docket duties at the same facility. Lastly, from September 2021 to January 2022 I was assigned to the Non-Detained Section until my transfer to the Tulsa, OK Sub-Office on January 2022, where since June 2022, I have been assigned to the prosecutions section. I am currently tasked with reviewing cases encountered by the Tulsa-Sub Office in Tulsa, OK, by our Criminal Alien Program, Fugitive Operations Team, HSI and members of the 287(g) program. The 287(g) program is a joint operation between ICE and Detention Officers of the Tulsa County Sheriff's Office. These Detention Officers have been cross-trained by ICE as Designated Immigrations Officers (DIO) to assist in the identification and processing of undocumented aliens or those that have violated their lawful status in the United States.

3. After a subject is released to ICE on our detainer by a local police agency, I identify that a subject was not born in the United States, then the subject's fingerprints and biographical information are submitted to the Integrated Automated Fingerprint Information System (IAFIS) and the Automated Biometric Identification System (IDENT). If the subject has ever been encountered by an immigration officer this search of the immigration databases will show the subject has an "A" File with a corresponding A-File number.

4. An "A-File" or Alien-File is a file kept and maintained by United States Citizenship and Immigration Services (USCIS) and is the official file for all immigration and naturalization records for a particular alien. The A-File is identified by an A-File number. The A-File and A-File number are linked to the alien's fingerprints, which are unique to every individual. No two aliens have the same A-File or A-File number.

5. It is common practice for law enforcement to first obtain fingerprint results to verify an alien's identity, because in my knowledge, training, and experience, it is common for aliens to attempt to mislead law enforcement officers, state and local officials, and members of the United States Government as to their identity. This is often done through the use of false names, dates of birth, and other biographical information. Aliens do this to avoid deportation or to gain immigration-based benefits – especially when they have an active removal order. Therefore, ICE ERO relies solely on the individual's A-number, confirmed via fingerprint, to identify Aliens who are subject to removal.

6. Subjects that are amenable to removal are then administratively processed for either an immigration hearing or for removal. Those subjects that have been identified as being previously removed who then unlawfully returned to the United States are referred to me for further review to ascertain if the subject meets the criteria for federal prosecution.

7. The facts and statements in this affidavit are based in part on information provided by other law enforcement officers and on my personal observations and training and experience as an Officer with ICE ERO. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter: A-file Number A087 672 329

8. It is my belief that a male alien known as Alex Eduardo TURCIOS-Brizuela, **(TURCIOS-Brizuela)** DOB xx-xx-1983; A-file Number A089 089 745, has violated 8 U.S.C. § 1326 by illegally or unlawfully re-entering the United States after being previously removed. Specifically, on or about May 18, 2025, the Muskogee County Sheriffs Office arrested **TURCIOS-Brizuela** in Muskogee, Oklahoma, within the Eastern District of Oklahoma, for License and Registration Required as well as an outstanding Warrant for Aggravated DUI, Driving With License Canceled, Suspended or Revoked, and Reckless Driving, all in violation of Oklahoma law. **TURCIOS-Brizuela** was booked into the Muskogee County Jail, after he had been previously removed from the United States.

## RELEVANT STATUTES

9. 8 U.S.C. § 1326 – Unlawful Reentry of Removed Aliens

(a) In general

Subject to subsection (b), any alien who—

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his re-embarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he or she was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 20 years, or both.

10. Accordingly, the elements of the crime committed by **TURCIOS-Brizuela** are as follows:

First:       The defendant is an alien;

Second:  The defendant had previously been removed from the United States;

Third:     The defendant was found in the United States having entered knowingly;

Fourth:   The defendant had not received the consent of the proper legal authority to reapply for admission to the United States; and

Fifth:      The defendant was found in the Eastern District of Oklahoma.

## **PROBABLE CAUSE**

11. On or about May 18, 2025, **TURCIOS-Brizuela** was booked into the Muskogee County Jail in Muskogee, Oklahoma, after he was arrested by the Muskogee County Sheriffs Office on charges related to paragraph 8 above. The Muskogee County Jail in Muskogee, Oklahoma, is within the Eastern District of Oklahoma.

12. Upon his encounter on May 18, 2025, **TURCIOS-Brizuela's** biometric information was submitted through the booking process at the facility which triggered a response in the Alien Criminal Response Information Management System (ACRIME) database. Deportation Officer Becker performed records checks of his information including his name, date of birth, and FBI number. Those records checks were conducted through the FBI, ICE, and Citizenship and Immigration Services (CIS) databases, which verified that **TURCIOS-Brizuela** is an alien and a Honduran national with an A-File number of A089 089 745.

13. **TURCIOS-Brizuela** has never filed any application for permission to re-enter the United States and has never received consent from the Secretary of Homeland Security to re-apply

for admission to the United States. **TURCIOS-Brizuela** also does not have any pending applications.

14.     **TURCIOS-Brizuela's** A-File reflects that he has been removed from the United States on two (2) prior occasions. His first removal being on February 26, 2009, at Del Rio, TX, and, his last removal occurring on March 20, 2009, at Laredo, TX.

15.     **TURCIOS-Brizuela's** A-File reflects the following aliases that are associated with her: "Alex TURCIOR-Brizaela", and "Alex TURCIOS".

16.     **TURCIOS-Brizuela** is currently in ICE custody.

## CONCLUSION

Based on the foregoing, affiant believes there is probable cause to arrest **Alex Eduardo TURCIOS-Brizuela** for a violation of 8 U.S.C. § 1326, Unlawful Reentry of Removed Alien.

Respectfully submitted,

_____
Richard L. Ortiz, ICE ERO

Sworn to on the 27th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE